IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTHONY DEWAYNE RUTHERFORD | ) | |
| | ) | |
| v. | ) | No. 3:15-00140 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion To Set Aside Or Vacate Sentence (Docket No. 1), filed by the Movant/Petitioner. Through the Motion, the Petitioner challenges the conviction and sentence imposed in connection with the revocation of his supervised release. The Government has filed a Response (Docket No. 13) to the Motion.

For the reasons set forth herein, the Petitioner's Motion To Set Aside Or Vacate Sentence (Docket No. 1) is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in a Superseding Petition with violating the conditions of his supervised release, as follows: (1) The Defendant shall not commit another federal, state or local crime (Clarksville, December 13, 2013); (2) The Defendant shall not unlawfully possess a controlled substance (Clarksville, December 13, 2013); (3) The Defendant shall not commit another federal, state or local crime (Johnson City, March 11, 2014); (4) The Defendant shall not unlawfully possess a controlled substance (Johnson City, March 11, 2014); (5) The Defendant shall not leave the judicial district without the permission of the court or the probation officer (Johnson City, March 11, 2014); (6) The Defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement

officer (Johnson City, March 11, 2014). (Docket No. 55 in Case No. 3:08-00125).

In support of the first, second and third allegations, the Superseding Petition provides, in part, as follows:

>1. <u>The Defendant shall not commit another federal, state or local crime.</u>
>
>On December 13, 2013, Mr. Rutherford was arrested and charged with manufacture, deliver, or sell of a controlled substance, to wit marijuana, and possession of drug paraphernalia, by the Clarksville Police Department.
>
>The incident report states Mr. Rutherford was stopped for speeding and not wearing a seat belt on North 2nd Street in Clarksville, Tennessee. Officer Hankins made contact with him and could smell a strong odor of marijuana emitting from Mr. Rutherford. During a search of the vehicle a digital scale was recovered. Mr. Rutherford was transported to Special Operations and during the search a bag of green plant material was found concealed in his crotch. The green plant material field tested positive for THC. He also had $463 in his possession.
>
>Officer Hankins also reported Mr. Rutherford initially did not want to comply with the search of his person, stating, 'If you want to strip search me, then we will fight.' The officers were able to talk him down and he complied with the search of his person. In addition, a text message was found on his cell phone which read 'bring the old girl a gram' and he responded 'be there in 5.' This test message was sent minutes prior to the traffic stop.
>
>* * *
>
>2. <u>The Defendant shall not unlawfully possess a controlled substance.</u>
>
>On December 13, 2013, Mr. Rutherford was charged with being in possession of 10 grams of Marijuana, as previously stated above.
>
>3. <u>The Defendant shall not commit another federal, state, or local crime.</u>
>
>Anthony Rutherford was arrest on March 11, 2014, in Johnson City, Tennessee, for Manufacture/Deliver/Sell Controlled Substance to Wit: Schedule 1 for Resale, Schedule VI for Resale, and Possession of Unlawful Drug Paraphernalia.
>
>According to the narrative, on March 11, 2014, a traffic stop was initiated on a gray Nissan SUV for traveling 62 in a 55 mile per hour zone. The officer made contact with the driver, Anthony Rutherford. . . Upon conducting a probable cause search of the vehicle, the officer located a black bag in the back seat which contained 57.6 grams of marijuana, digital scales, and 77 ecstasy pills. . .

> Evidence recovery revealed an additional 0.8 grams of powder cocaine, 1 ecstasy pill, 2 marijuana cigarettes, and an unknown powder. . .

(Id., at 2-3).

At the hearing on the Superseding Petition, the parties proposed an agreed resolution whereby the Defendant would admit the violations charged in paragraphs 1, 2, and 5 of the Petition and agree to a sentence of 18 months with no further supervision, and the violations alleged in paragraphs 3, 4, and 6 would be dismissed. (Docket No. 65 in Case No. 3:08-00125). After personally addressing the Petitioner and determining that he agreed to the proposed resolution, the Court accepted the proposed resolution and sentenced the Petitioner accordingly. (Docket Nos. 63, 65 in Case No. 3:08-00125). The record indicates that the Petitioner did not appeal.

## III. Analysis

A. The Petitioner's Claims

The Petitioner challenges the conviction and sentence imposed in connection with the revocation of his supervised release.

B. The Section 2255 Remedy

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy,

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate,

3

however, for every error that may have been made in the proceedings leading to conviction. "'To warrant relief under section 2255, a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.'" Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005)(quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255(b); Ray v. United States, 721 F.3d 758, 761 (6th Cir. 2013); Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. Where the same judge considering the Section 2255 motion also presided over the underlying criminal proceedings, the judge may rely on his own recollection of those proceedings. Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 1629 n.4, 52 L.Ed.2d 136 (1977); Ray, 721 F.3d at 761.

The Court has reviewed the pleadings, briefs, transcripts, and records filed in Petitioner's underlying criminal case, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Supervised Release Revocation and Sentence

In his Motion, the Petitioner appears to argue that the sentence imposed by the Court was invalid because he committed a misdemeanor under Tennessee law, and therefore, his Sentencing Guideline range upon revocation of supervised release should have been 6 to 10

---

set aside or correct the sentence.

months. Petitioner also appears to contest the allegation that he left the judicial district without permission.

The Government has filed certain state court records as part of its Response. (Docket No. 13-4). Those records indicate that the Petitioner was charged in Montgomery County, Tennessee with the manufacture, delivery or sell of a controlled substance, and with possession of unlawful drug paraphernalia on December 13, 2013. (Docket No. 13-4, at 3-4). This charge was the basis of the allegations contained in paragraphs 1 and 2 of the Superseding Petition. (Docket No. 55 in Case No. 3:08-00125). The records filed by the Government further indicate that on April 2, 2014, the Petitioner pled guilty in the Montgomery County court to a lesser charge of simple possession, and was sentenced to six months imprisonment. (Docket No. 13-4, at 1-2).

On January 8, 2015, this Court held a hearing on the allegations of the Superseding Petition. (Docket Nos. 62, 65 in Case No. 3:08-00125). During that hearing, the Court initially described the six allegations, and stated that the violations, if proven, would be either Grade A or C, and that the advisory guideline range would be 18 to 24 months. (Docket No. 65, at 2-3, in Case No. 3:08-00125). After hearing from counsel for the parties regarding the proposed resolution, the Court addressed the Petitioner as follows:

> Mr. Rutherford, you don't have to agree to anything. You can make the government attempt to prove these alleged violations. Having said that, if you agree with what your lawyer has announced, I am prepared to accept it.
>
> And what he has said and what the lawyer for the government has said is that you want to admit violations 1, 2 and 5. There is an agreed sentence of 18 months with no further supervised release. And that you would report to the marshals in this district on January 23rd.
>
> And, again, you don't have to agree to anything, but if you agree to this, I am prepared to accept it. But I'd like to hear from you in your own words what you would like to do.

5

(Id., at 5). The Petitioner responded: "I accept this, Your Honor." (Id.) After imposing sentence, the Court also informed the Petitioner of his right to appeal. (Id., at 5-6).

The Court concludes that the Petitioner's waiver of the right to contest the revocation allegations was knowing and voluntary under the totality of the circumstances. United States v. Melton, ___ F.3d ___, 2015 WL 1500527, at * 3 (6th Cir. April 3, 2015). By agreeing to allegations 1, 2 and 5, the Petitioner was able to persuade the Government to dismiss the remaining allegations regarding Petitioner's second drug arrest, and to agree to a sentence at the bottom of the guideline range. The Petitioner's pending Motion fails to state any valid basis for concluding that the Petitioner's agreement to such a resolution was unknowing or involuntary. Accordingly, the request to set aside or vacate Petitioner's conviction and sentence is denied.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that the Petitioner's Motion To Set Aside Or Vacate should be denied, and this action dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE